**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 AUG 26  P 12: 40

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| KENNETH SEARS | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-11-1443 |
| WARDEN | * | |
| Respondent | * | |

**\*\*\***

## MEMORANDUM

The court-ordered response to the above-captioned petition for writ of habeas corpus was filed on July 28, 2011, asserting the petition is subject to dismissal for failure to exhaust state remedies. ECF No. 5. Petitioner Kenneth Sears ("Sears") filed a reply disputing respondent's assertion that dismissal is appropriate. ECF No. 8. After review of the papers filed, the court finds no need for an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the petition shall be dismissed without prejudice.

### Background

Sears was arrested on April 2, 2010, for second-degree burglary of a construction site. At the time of his arrest he was serving mandatory release supervision. On April 3, 2010, after posting bail on the burglary charges, Sears was served with a parole retake warrant alleging he had violated the conditions of his release. Sears was never released on bail. On April 7, 2010, pursuant to the retake warrant, Sears was transferred to the Maryland Reception Diagnostic Classification Center (MRDCC). At a hearing on April 19, 2010, Sears pled not guilty to charges he violated rules governing his release on mandatory supervision. A preliminary hearing was held on May 12, 2010, and probable cause was found to hold Sears in custody for a

revocation hearing. Sears was then transferred to Jessup Correctional Institution (JCI). ECF No. 3 at p. 2.

Sears states he never requested a postponement of his revocation hearing and Maryland Regulations require a revocation to be held within 60 days or a reasonable time after the offender is returned to custody. *Id.* at p. 4, *citing* COMAR 12.08.01.22.F(2)(a). Sears's revocation hearing took place on November 5, 2010. He states his attorney objected to proceeding with the hearing with respect to the Rule 6 and Rule 8 violations due to the Commission's failure to comply with the 60 day hearing deadline. Sears claims the parole commissioner said he was uncertain about the law and went forward with the hearing. Sears asserts the delay prejudiced him because he was precluded from contesting the alleged positive urine test supporting the Rule 6 violation claim. Sears's mandatory supervision was revoked and all diminution-of-confinement credits were rescinded. ECF No. 3 at Ex. B.

Sears filed a petition for writ of habeas corpus in the Circuit Court for Anne Arundel County on August 4, 2010, before the revocation decision was issued. *Id.* at Ex. E. The petition was denied by the state court in a "summary order" on April 28, 2011. *Id.* at Ex. I; ECF No. 5 at Ex. 2 and 8. Sears filed a "response" to the order denying his petition and the Parole Commission filed a proposed memorandum opinion and order. ECF No. 5 at Ex. 9 and 10. Thus, the state habeas petition remains open.

Sears has also filed an action seeking judicial review of the revocation decision. ECF No. 5 at Ex. 1. The record of the administrative agency's proceedings was filed in the case on June 6, 2011, and the case is scheduled for a hearing on September 12, 2011. *Id.* at Ex. 20 and 21.

**Standard of Review**

The petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

**Analysis**

Sears maintains that the merits of the instant petition should be considered by this court because the delays by the state court in adjudicating his claims have been unreasonable. ECF No. 8. He alleges that there is an ongoing attempt to delay the proceedings so that his claims will be moot by virtue of his release, which is scheduled for September 4, 2012. *Id.*

Sears has two open pending cases in state court. If he prevails in one of them, the need

3

for this court's involvement is obviated.  If he does not prevail he has appellate review available to him.  This court may not entertain the issues presented in the petition while the Maryland courts have not had the opportunity to fully review the claims raised.  Accordingly, by separate order which follows, the petition shall be dismissed without prejudice.

_8/26/11_
Date

James K. Bredar
United States District Judge

4